You may proceed. Good morning, Your Honors. May it please the Court, Vicki Lai representing Appellant Joseph Newbill. Because the government did not produce the adverse witnesses below for confrontation and cross-examination, the issue before the Court today is whether there was non-hearsay evidence that supported the Court's finding of guilt. Well, let me stop you for a second. I thought that he conceded to Grounds 2, 3, and 4 and only challenged 1 and 5. That's correct. And 2, 3, and 4 were also Grade C violations, which Ground 5 was as well. Is that right? That's correct. And as we Wouldn't the sentencing or the, I forget what the term is, since they're not sentencing guidelines, but the recommended range be the same? Well, as we made clear in the brief, we're not challenging the revocation itself, but the high-end sentence was clearly based on the indecent exposure finding. But can the district court consider all of the circumstances surrounding the violations in fashioning an appropriate sentence? The district court certainly can. It never mentioned the technical violations, which was a change of, a failure to tell the probation officer about a change of address. But we can review what the district court did for harmless error, can't we? You can. And if, following on Judge Donovan's question, if the available sentence, I mean, he He gave him a 10 He got 10 months and 2 years of supervised release, right? Right. But the other thing that he imposed was a psychosexual evaluation. And had there not been an indecent exposure finding, I don't think the court would have imposed a psychosexual evaluation. What happened with the interviews he had with the probation officer and these rather unique sexual fantasies he had? Well, I don't know if they were unique sexual fantasies. Let's take out the word unique. Uh-huh. Well, I'm not He was going to get into the pornography business and set up chat rooms between people in custody and people on the outside world so they could explore their sexual fantasies. Again, that was an allegation that was made by the probation officer. That was a conversation he had with his probation officer, right? With his probation officer. Those are admissions, right? There's no hearsay or confrontation clause issue with regard to those conversations, are there? That's correct. But according to the record, the district court imposed a psychosexual evaluation and the probation officer Well, but there's not a lot different than Bainbridge or some of these other cases, is there? Well, I mean, he doesn't have any deviant sexual history. His underlying offense was an armed bank robbery. And his, I mean, all his behavior has been geared towards adult women. I do agree he probably does need mental health counseling. He does have border and boundary issues. But that can be addressed through mental health counseling. If that's the case, what's the harm in doing the evaluation? In other words, at this point, he hasn't been ordered to undergo sex offender treatment or counseling. The district court is trying to inform itself as to whether or not it needs to change the conditions of supervised relief. But it first needs to determine whether or not that your client has a problem. And to go back to what Judge Hawkins was asking you about, all the things that he said to the PO and the investigating detective certainly give rise to a concern with regard to his sexual behavior, does it not? Well, at a minimum, if the indecent exposure violation is reversed, we ask that it be remanded for the court to have the opportunity to decide if there is no indecent exposure violation whether the- Why do we need to do that if we determine that by a preponderance of the evidence based on the statements that he himself made, there is a sufficient showing to warrant a psychosexual evaluation? Are you talking about the statements that he made concerning the indecent exposure or- Well, both. I mean, he was interviewed with regard to the rape charge and also with regard to the indecent exposure charge. And then in addition, as I understand the record, the district court had information concerning a home visit by two female probation officers- Where he hugged them. He requested a hug, which the probation officer thought was totally inappropriate under the circumstances. Well, but a hug doesn't seem to equate to a very intrusive psychosexual evaluation. Well, let me just get to the practical consequences of what you're asking. I'm a little troubled that I don't know that he would have gotten maybe such a high sentence without the belief that he had made the admission. Nonetheless, he served that sentence now, correct? That's correct, but he still- Well, let me just finish, if I might. So the only consequence on remand would be with respect to the psychosexual evaluation? No, he has two years of supervised release. So you think that the judge might alter the length of the supervised release? Yes. Okay. And we would at least ask that the court be given that opportunity to decide whether that supervised release period would be short- If we affirm, then there will be a hearing, will there not? And at that hearing, the district court will determine whether or not a change needs to be made in imposing new conditions, which might include sexual counseling, treatment, whatever the remedy might be. It could also result in an increase in the length of supervised release, but then he'd have an opportunity to appeal that determination, would he not? You mean if you reverse the indecent exposure? No, no, if we affirm. In other words, he's not being deprived of the opportunity to challenge any future changes that might be ordered. Your concern is that supervised release might be extended or an unconstitutional- No, no, I understood your point is if we reversed, his supervised release might be- Might have been shortened. Shortened. He got two years of supervised release. I see. Okay, and is that the maximum that's left under the terms of his sentence? Under his sentence, he would have been done this month. Under his original sentence- No, no, no, no, maybe I didn't make my question very clear. My understanding of the length of supervised release when a violation is found- Oh, I see. And is revoked is there's a statutory limit on how- I believe so, yes. Yeah, so the two years would have maxed him out on supervised release. I believe so, and if you take out the indecent exposure violation, all he has is technical violations. Was he released in August of this year? He was released, yes. Do you want to save the remaining time for rebuttal, or it's your choice? Yes, I would. Thank you. May it please the Court. Teal Miller on behalf of the United States. As the Court's question suggests, the only live controversy here is whether the psychosexual evaluation was an abuse of discretion. Let me just say, I don't think that's the only live question. I think there's an underlying question as to whether his statement, that's something I would probably do, is sufficient to constitute an admission. So I'd appreciate if you would also address that. Of course, Your Honor. I will turn to that in a moment. If I could finish my first thought. I believe that the psychosexual evaluation and the term of supervised release can be affirmed on the basis of the uncontroverted evidence in the record, but I'll also explain why I do think that finding was warranted. The Court focused on his statement, which was his initial reaction when he was first asked about it by the probation officer and the investigating officer. And he said, that sounds like the kind of thing I would do. And both of those witnesses who said, who watched what he said, said his affect shocked them. They both independently used the word that it was shocking. And he also, when he was initially asked about the incident, whether he was in the home that morning, denied knowing anything about it, which is an awareness of guilt. And those two factors were before the district court when it found that this was akin to an admission. And the standard of review for that finding is whether, viewing the light, the evidence in the light most favorable to the government, a reasonable trier of fact could have found that as an admission. There was other uncontroverted evidence. Setting aside the hearsay testimony, the witness identified him from a photo montage, and the text message. Her text message from later that morning was introduced into the record without objection, in which she made the same statement. She alleged that he had indecently exposed himself to her. All of that evidence was before the district court and supports its finding. Kagan. So do you agree with Mr. Newbell's counsel that if we reverse that the only thing the district court would do would be deciding whether or not supervised, if we did, release is too long? I mean, is that the only really remedy at this point? Well, Your Honor, defendant's brief, neither his opening brief nor his reply brief, argues that the term of supervised release was unwarranted. It argues that the sentence was too long, but that point is moot because the sentence  That's moot, right. So there isn't actually an argument in his brief that the term of supervised release was too long. So I think that's been forfeited. So the real issue is whether or not he has to undergo the psychosexual. That's right, Your Honor. That's the only thing left. That's the only thing left. And the uncontroverted evidence before the court was that, as his probation officer put it, he demonstrated a preoccupation with sex, poor impulse control, and a tendency to view women as sexual objects. This court has noted some of that evidence, the request for hugs, the statement that he wanted to star in a pornographic film. He also mumbled sexual comments at his probation officer, and then when they asked him to clarify, he said, I like women. And his uncontroverted statement of what he did in the home that morning gave rise to grave doubt about consent, even though the court didn't find that the rape had been proven because of the hearsay problems with the evidence. If the court has no further questions. We ask that the sentence be affirmed. Thank you. We have some rebuttal time. I would like to address the statement that the court construed as an admission. The statement when he was presented with allegations by the detective was, that sounds like something I would do. But then he retracted that, and then when asked directly, did you do it, he said, no, I did not do it on that day. But then he says, well, you know, I'm a bachelor, you're a bachelor. Isn't that what bachelors do? So the district court would be entitled to look at the constellation of the evidence? I'm not sure if he said, I'm a bachelor, you're a bachelor, when he said that, and if he was referring to the rape allegations, or if he's referring to the indecent exposure allegations. That would be worse. Well, he was acquitted of those. I know he was acquitted, but in terms of whether he should have an evaluation? Well, and I'd like to point out in terms of with respect to the indecent exposure allegation, the government never argued below that there was an admission. The government relied solely on the hearsay testimony of the detective and the probation officer. But it's not hearsay. It's an exception to hearsay, is it not? It's admissions by a party opponent, your client. Right. But I don't – what I'm arguing is that it wasn't an admission because he at most said he was capable of the conduct, but when asked directly, he said, no, I did not do it on that day. Well, but that's a contested issue of fact. Don't we review that determination in the light most favorable to support the district court's determination that he did indeed commit the violation by a preponderance? Unless it's not supported by the record. But it's in the record. I mean, it's essentially your position is, well, he may have made those statements, but he didn't mean it the way that the government is trying to portray it. But it's in the record. But the government never tried to portray it that way. The government never argued to the court that that was an admission. But the court is sitting as the trier of fact in determining whether or not he actually committed a probation violation and listening to the testimony as to what he said. Why can't the trier of fact credit that? Before my time is up, I would like to point out that. Are you going to answer my question? Yes. But I just wanted to point the court to the police report, which was also before the court. And in that police report, it clarifies that he did continually deny the conduct. But why can't the trier of fact in essence disregard or determine that when he realized the significance of the admission that he had first made, he's now backpedaling towards the end of the interview because he now realizes that he made a very damaging statement? Well, our argument is that the statement was too ambiguous for the court to construe as an admission. At most, he said, that sounds like something I would do. Can a reasonable finder of fact make that inference? I mean, we see this all the time. People very rarely admit when they're being interrogated everything at the outset of the interrogation. And as they realize what the police officer knows about their participation in the crime, they start backpedaling. We see it all the time. Well, it doesn't seem like backpedaling. I mean, it's as if someone asks him, did you use drugs? And he said, yes, I've used drugs in the past. And the question then becomes, did you use drugs on this day? And he said, no. But his first statement to them was, I wasn't even there. And then we find out that, well, maybe I was there and I did the kind of things that bachelors do. Well, he said, that sounds like something I would do. But when asked directly, did you do it? He said, no, I didn't. How do you explain his comment about bachelor to the male detective who's interviewing him? I mean, the testimony was essentially he was trying to justify what he had done because that's what guys do. I think there's lots of inferences that can be made from his. What other inferences could I draw from that particular piece of evidence? Well, I'm not sure what he meant. I mean, just from that testimony, it's unclear what he meant by that. All right. Thank you. Thank you. The case just argued is submitted.
judges: Hawkins, McKeown, Tallman